J. W. ALLEN, Respondent, *v.* M. S. BOWMAN, Appellant.

### April 1, 1879.

1. Where an architect, under the expectation of being employed as superintendent, voluntarily draws plans, with the understanding that no charge is to be made for them, he cannot recover for the plans, if not employed as superintendent.

2. To warrant a recovery for work done, there must be some evidence of a promise, either express or implied, to pay for the work.

APPEAL from St. Louis Circuit Court.
*Reversed and dismissed.*
ROBERT CRAWFORD, for appellant.
M. KINEALY, for respondent.

HAYDEN, J., delivered the opinion of the court.

This is an action brought in a justice's court to recover $60 " for sketches and preliminary studies on dwelling-house " made by the plaintiff as an architect. The plaintiff, learning that the defendant was about to build a house, solicited from the defendant the superintendence, as an architect, of the building intended, calling on the defendant and having interviews with him, at which the defendant talked of the cost of the building, etc. The defendant went to the plaintiff's office on one occasion, when the plaintiff made a sketch for such a house as the defendant described. Sketches of ground-plans and a front elevation were made out, and were offered in evidence upon the trial. These were taken by the plaintiff to the defendant's place of residence, where the plaintiff asked the defendant's wife to make suggestions, who accordingly made some, which the plaintiff noted. The plaintiff left these sketches with the defendant for a few days, after which time they remained permanently in the plaintiff's possession, never having been used by the defendant.

The plaintiff testified that the defendant decided to defer building, but promised that if he should build he would employ the plaintiff as superintendent; that afterwards, finding that the defendant had employed another superintendent, the plaintiff sent the bill here sued on to the defendant, telling the latter that the bill would never have been presented but that, as the defendant had made another person superintendent, the plaintiff was forced to send it, etc. There was a verdict for $60, of which the court below,

by ordering a new trial unless, etc., compelled a remission of $20, and the defendant appealed.

This case should not have gone to the jury. As the verdict stands, there is no evidence to support it. The remission effected nothing. If the plaintiff had a legal right to anything, he had a legal right to the amount he sued for, and no half-way judgment ought to have been given. But there is no evidence to prove the contract sued on, or any promise, express or implied, on the part of the defendant to pay, whether the contract be considered as for things sold or for labor done. The plaintiff sought the defendant and did work voluntarily, or under the expectation of being employed as superintendent. A person cannot officiously do work in the expectation of an engagement, and then, when the expectation fails, sue for the price of the work done. The burden is on the plaintiff to show that he did his work under a promise, express or implied, by the other party to pay for that particular work. Here the testimony tends to show no such promise or understanding. If the plaintiff has any claim, it is not for work done, but for breach of contract for not engaging the plaintiff as superintendent. The plaintiff cannot, because the defendant refuses to observe one contract, make another for the defendant, and recover on that other.

The defendant's conduct in examining the sketches, — it does not appear that he made use of them in any way, — and talking about them or about the plans, was no evidence tending to prove that he agreed to pay ; and it even appears that the plaintiff had no expectation that the defendant would pay money for the sketches. It was when disappointed about another matter that the plaintiff made the charge ; and it must have been then, if ever, that the minds of the parties met.

The judgment is reversed and the case dismissed. All the judges concur.