ALICE RYAN ET UX., Appellants, *v.* CORNELIUS LYNCH,
Respondent.

### April 27, 1880.

Menial service, by one received into a family as a member thereof, raises no
implied promise to pay wages nor to educate.

APPEAL from the St. Louis Circuit Court, WICKHAM, J.
*Affirmed.*

W. H. H. RUSSELL, for the appellants:   The petition
states a good cause of action.— *Loan* v. *Sinklan*, 27 Mo.
308 ; *Hart* v. *Hart*, 41 Mo. 441 ; *Hoy* v. *Hooker*, 65 Mo.
17.    There was evidence which entitled the case to go
to the jury. — *Flori* v. *City*, 3 Mo. App. 236 ; 39 Mo. 156 ;
*Britton* v. *Turner*, 6 N. H. 481 ; *Lee* v. *Ashbrook*, 14 Mo.
378.    The amount of damages in such a case is a question
for the jury.— *Thompson* v. *Stevens*, 71 Pa. St. 161 ; *Cutter*
v. *Powell*, 2 Smith's Ld. Cas. 87.

A. R. TAYLOR, for the respondent, cited : *Lynch* v. *Bogy*, 19 Mo. 170 ; *Guenther* v. *Biskight*, 22 Mo. 439 ; *Gillett* v. *Camp*, 27 Mo. 541 ; *Morris* v. *Barnes*, 35 Mo. 412.

HAYDEN, J., delivered the opinion of the court.

The substance of the petition is that in April, 1870, Alice Ryan, who sues here with her husband, being then a minor, the defendant proposed to her that if she would live in his family he would clothe her, take care of her, give her an education, and pay her for her services so long as she should remain in his household ; that the plaintiff agreed to this, and remained with the defendant until June 20, 1877, doing household and other work, which was worth $15 a month ; that the defendant refused to educate her or pay her for her services, owing to which she was damaged in the sum of $6,230. After a general denial, the answer averred that the plaintiff (Alice) being a girl without means of support and at a charitable institution, the defendant consented to receive her into his family, and did so, providing her with a home, protection, and the necessaries of life, by way of charity and in compensation for her services. The answer sets up a counter-claim for board, lodging, and articles furnished. The court below ruled that upon the evidence the plaintiffs could not recover, and they took a nonsuit.

The ruling was correct. The plaintiff made out no case. There was no evidence tending to prove an agreement, express or implied, on the part of the defendant to educate the girl or to pay her wages, nor does she appear to have thought of such a thing of her own accord. Whether the defendant's conduct was proper in not sending the girl to school, is not in question. It was not a part of the agreement by which she came to the house — if there was anything definite enough to be called an agreement — that she should receive an education at the hands of the defendant. It was not until she was living at the house that the expression relied upon was used by the defendant's wife, "that she

would give her [the plaintiff] some learning." This, like the expression, "that they would do right by her," is too vague and indefinite to form the basis of an express promise, such as that relied on, to give the girl an education, even if this itself were not too uncertain, as specifying no kind or grade of education. There must be certainty to a common intent. *Sherman* v. *Kitsmiller*, 17 Serg. & R. 45 ; *Graham* v. *Graham*, 34 Pa. St. 475 ; *Thompson* v. *Stevens*, 71 Pa. St. 161. Here the girl knew she was receiving no education, yet made no complaint.

As to an implied promise to pay a reasonable amount for service, the circumstances and the plaintiff's own testimony negative this. She was taken from a charitable institution to the defendant's house, where she was treated, not as a servant, but in many respects as one of the family. She did work habitually, but it was such work as might have been done by a member of a family in the defendant's situation in life. She received her board and lodging, articles of dress suitable to her position, went to festivals with the defendant, was habitually visited by her lover in the parlor of the house, and was married from it as from her own house. No expression is given, either on the part of the defendant or any member of his family, or on the part of the plaintiff, indicating that wages were to be paid or were expected. Her conduct during the seven years was such as to justify the defendant in believing that he was incurring no liability, and that there was no intention on her part of claiming wages ; and when this is the case, it is worse than an absurdity — it is an imposition on the other party — to raise the fiction of an implied contract. The trial court properly refused to let the case go to the jury, for, had a verdict for the plaintiff been rendered, it would have been its duty to set aside that verdict, as unsupported by evidence.

The judgment is affirmed. Judge BAKEWELL concurs ; Judge LEWIS is absent.