ANDREW HOOLAN, Respondent, v. DAVID BAILEY, Appellant.

St. Louis Court of Appeals, April 24, 1888.

1. ACTION—COMPENSATION FOR SERVICES RENDERED.—There can be no recovery of compensation for services rendered, when it was understood at the time they were rendered that no charge was to be made for them.

2. EVIDENCE, IRRELEVANT, WHEN.—In a case where it was understood between the parties that nothing was to be charged or paid for certain services rendered, evidence of the value of such services, or of a custom among other persons having reference to compensation for them, is irrelevant and properly excluded.

Appeal from the St. Louis Circuit Court, Hon. Daniel Dillon, Judge.

*Affirmed.*

J. P. Vastine, for the appellant: Where one, at the request of another, performs beneficial services for him, unless it is agreed or is to be inferred from the circumstances that they were to be rendered without compensation, the law will imply a promise on the part of him for whom such services were rendered, to pay for them what they are reasonably worth. *Dougherty v. Whitehead,* 31 Mo. 255. Where services are rendered and received without any expectation of payment, no claim can be preferred therefor. *Morris v. Barnes Adm'r,* 34 Mo. 255. The law never implies what the parties never intended, never raises a promise in such circumstances. *Bank v. Aull,* 80 Mo. 199. The intentions of parties which are not communicated by either, to the other, form no agreement, though they may correspond. *Coleman v. Roberts,* 1 Mo. 97. The court below erred in not allowing proof of the custom in cases like the present.

O'Neill Ryan, for the respondent: "The law never implies what the parties never intended; never raises a promise in such circumstances." *Bank v. Aull,* 80 Mo. 202; *Hay, Adm'r, v. Walker,* 65 Mo. 17, 19; *Allen v. Bowman,* 7 Mo. App. 29; *Ryan v. Lynch,* 9 Mo. App. 18. The intention of Bailey to charge in a certain event is not sufficient; it was not communicated to Hoolan, who understood Bailey was being compensated by his regular commissions. *Coleman v. Robinson,* 1 Mo. 97, 101. The question of the intention of the parties is one of fact to be gathered from all the circumstances. *Whaley v. Peak,* 49 Mo. 80, 83; *Allen's Adm'r v. College,* 41 Mo. 309. And this fact the court found against Bailey, and his own testimony and written reports amply sustain this finding. If one intends to render services

gratuitously he cannot afterwards make a charge therefor. *Whaley v. Peak*, 49 Mo. 80, 82 ; 2 Addison on Contracts, *1030 and cases. The testimony offered to show the value was simply cumulative and was incompetent. *Brown v. Strimple*, 21 Mo. App. 338.

ROMBAUER, P. J., delivered the opinion of the court.

The plaintiff, prior to the dates herein stated, was administrator of the estate of one Carroll. Upon final settlement of the estate it was indebted to him in the sum of fifteen hundred dollars, and more, and it was agreed between himself and the heirs that he should reimburse himself out of rents to be collected from certain realty belonging to the estate, situated in St. Louis. The defendant, during the administration and thereafter, collected these rents as house agent, and paid the proceeds to plaintiff. It is conceded that at the date of the institution of this suit there was in the defendant's hands a sum of one hundred and seventy-five dollars, balance of rents thus collected, and that plaintiff was entitled to such balance, unless the defendant was entitled as against him to a counter-claim for that amount, owing to the services hereinafter stated. The court rendered judgment for plaintiff for one hundred and seventy-five dollars, and interest.

The complaints made on this appeal are, that the court excluded certain evidence offered by the defendant, and that the judgment is against the evidence.

It appeared in evidence that, in May, 1886, the defendant while acting as house agent for the plaintiff was instrumental in effecting a lease of the property for ten years. No compensation was agreed on for this service, and the evidence tends to show that the defendant intended to make no charge for it when rendered, expecting to continue the agent for the collection of rents under the new lease. There was, however, neither agreement nor understanding that he should so continue. The benefit of the new lease has enured mainly to the

Carroll heirs and not to the plaintiff, who, at the date of the institution of this suit, was nearly reimbursed for his advances on account of the estate.

The defendant, after the execution of the new lease, continued to act as collecting agent for six or seven months, rendering several accounts to plaintiff, but never mentioning any claim for commissions in effecting this lease. At the close of this period the plaintiff discontinued the defendant's services for reasons of economy, and then, for the first time, the defendant presented a claim for one hundred and seventy-five dollars, value of his services for effecting this lease.

No instructions were asked or given upon the trial. The testimony excluded consisted of evidence of other house agents as to the value of defendant's services in effecting this lease, and as to a custom between house agents of making charges in such cases; no knowledge of this custom was brought home to the plaintiff.

There is no error in the record. The law cannot imply a promise contrary to the intention of the parties. The evidence was sufficient to justify the court in finding that no charge was intended when the services were performed, and such finding was fatal to defendant's counter-claim. *Hay, Adm'r, v. Walker*, 65 Mo. 17; *Aull Savings Bank v. Aull*, 80 Mo. 202; *Allen v. Bowman*, 7 Mo. App. 29; *Ryan v. Lynch*, 9 Mo. App. 18. As there was no foundation for defendant's counter-claim, evidence as to the value of the services constituting it was irrelevant and properly rejected.

Judgment affirmed. All concur.