SMITH, Respondent, *vs.* MYERS, Appellant.

1. Where a mother-in-law performs menial services in the family of her son-in-law, it is for the jury to determine from all the circumstances, whether it was under an implied contract for wages, or not.

### *Appeal from Ste. Genevieve Circuit Court.*

J. W. Noell, for appellant.
B. A. Hill, for respondent.

SCOTT, Judge, delivered the opinion of the court.

This was a suit commenced by the plaintiff against the defendant for the value of her services performed for him. She

had a verdict for $300. Catharine Smith was the mother-in-law of the plaintiff, who was a poor man, without servants. She was brought to this country by her son-in-law, and continued in his family for ten or twelve years, performing the services that would devolve on a woman in a family of the condition of that of the defendant — services which are usually performed by servants in those families which are able to employ them. Shortly after the defendant married, the plaintiff left his house, in a destitute condition, and was put upon the county for a support. There was no evidence of any contract between the parties respecting wages.

The court instructed the jury that, if the plaintiff lived with the defendant, as a member of his family, being a mother-in-law, and not in the capacity of a servant, she cannot recover, unless there was an agreement for wages ; that, if she was a member of the family, without any contract for wages, she cannot recover, unless she was turned off without good cause, after she had become, by age, incapable of supporting herself ; but if she was turned off without cause, after living with the defendant as a member of his family for a series of years, after she had become old and infirm, she was entitled to full pay for her services.

1. There is no evidence in the record, showing the reason which induced the plaintiff to leave the defendant's family. No principle is perceived on which the instruction given can be sustained. They seem to imply that it was the legal duty of the defendant to support the plaintiff. Whatever moral obligations may have rested on the defendant to support the plaintiff during her old age, in consideration of her previous services, we are not aware of any principle in law which, in the absence of all contract, express or implied, would impose such an obligation upon him, as the plaintiff was always at liberty to leave the defendant at any time.

The general rule is, that, whenever service is rendered and received, a contract of hiring or an obligation to pay will be presumed. This is an undoubted rule between strangers. But

a relationship between the parties may exist, such as will cause the presumption that the services are acts of gratuitous kindness and affection. In all such cases, it will be a question for the jury, taking into consideration the nature and degree of the relationship, the circumstances in life of the parties, and other matters which may affect it, whether there was any implied contract for compensation. The degree of the relationship may strengthen or diminish the implication, according to its proximity or remoteness. It may be such as should have little or no weight with the jury. But if a destitute person is received from charity, provided with necessaries and set to work, he is under no obligation to remain, nor has he any claim for wages, unless there be some express agreement. 1 Parsons on Contracts, 531. The other judges concurring, the judgment will be reversed, and the cause remanded.