WILLIAM B. LANGE, Respondent, v. C. THEODORE
UHLMANN, Appellant.

St. Louis Court of Appeals, December 8, 1891.

The Evidence in this suit is considered and *held*, not to establish
a defense to the cause of action sued upon, which was a note of
the maker.

*Appeal from the St. Louis City Circuit Court.*—HON.
DANIEL D. FISHER, Judge.

AFFIRMED.

*F. & E. L. Gottschalk* and *Henry N. Hart*, for
appellant.

*Lubke & Muench*, for respondent.

THOMPSON, J.—This was an action to recover a bal-
ance due on a promissory note, made by the defendant
and payable to the order of the International Bank of
St. Louis, and by the bank indorsed " without recourse "
and delivered to the plaintiff.   The defense was that
the defendant, being the business agent of Mrs. Lange,
the mother of the plaintiff, and having incurred a lia-
bility as surety for her, had, with her consent, applied

as security for the note certain bonds belonging to her ; that she owed him for commissions and services a greater amount than the amount due on the note, for which indebtedness he was entitled to a lien on the bonds ; that the plaintiff purchased the bonds of the International Bank with Mrs. Lange's money, for the purpose of getting possession of the bonds ; that Mrs. Lange was the real party in interest ; and that judgment ought not to go against him on the note until she should pay him what she owed him for his services and commissions, or at least without the bonds being surrendered to him, thus restoring his lien upon them.

The case was tried by the court sitting as a jury, and a finding and judgment were made in favor of the plaintiff for the amount due on the note. The evidence showed that Mrs. Lange, having revoked the power of attorney which she had previously given the defendant to attend to her business, and having appointed the plaintiff (her son) in his stead, and she being in Germany and her son in St. Louis, and he having no money, nor any belonging to her, and being desirous of getting possession for her of her bonds, which the defendant had thus pledged to the International Bank as collateral security for this note,—the plaintiff borrowed the money of his employers wherewith to purchase the note of the bank, and did thus purchase with his own money and became the owner of it. All the testimony speaking on the point was expressly to the effect that he purchased it with his own money, and there was no evidence to the contrary, nothing but inference and surmise. When he purchased the note, the collaterals were delivered to him. The defendant was allowed to give evidence tending to show that Mrs. Lange was indebted to him for commissions and services to an amount in excess of the amount due on the note.

This evidence was totally irrelevant, and the court correctly disregarded it in finally deciding the case. This was a suit on a promissory note, against the maker, brought by a man who had bought it with his own money from the original payee, and who was, therefore, entitled to enforce payment of it against the maker. When this much appeared, it made no difference how much some one else may have owed the maker of the note ; nor that he had some sort of lien upon bonds, belonging to some one else, for what some one else owed him. All this was a matter which could not be litigated between him and this plaintiff, but which could only be litigated between him and such other person. The whole defense, attempted to be set up, failed, if for no other reason, through the failure to make Mrs. Lange a party. Suppose the plaintiff, on the facts set up in his answer, had attempted to prosecute a suit in equity to enjoin the collection of this note until Mrs. Lange should either pay him what he claimed she owes him, or until her bonds pledged as collateral to this note should be restored to him, is it to be supposed that he could succeed without making Mrs. Lange a party ? For the same reason he cannot succeed in setting up such a state of facts as a defense in an action on the note. It is not, of course, intended to be decided that the defendant could not, for the purpose of defeating a recovery on this note *by the plaintiff*, prove that the title to the note was in Mrs. Lange, and that the defendant had a good defense to it, or an available right of set-off against it in her hands ; but, as already stated, the defendant failed to prove that the title was in Mrs. Lange, and did not rebut the plaintiff's evidence that the title was in him.

The defense seems strangely misconceived, and we have no difficulty whatever in holding that the judgment must be affirmed. It is so ordered. All the judges concur.