HANNAH J. HAYDEN, Respondent, v. LEWIS PARSONS, Administrator of A. A. BAUGH, Deceased, Appellant.

St. Louis Court of Appeals, April 20, 1897.

1. **Instruction.** An instruction supported by some evidence, though slight, was not error.

2. ————. An instruction that if the jury believed plaintiff rendered valuable services to deceased in his lifetime, at his request, and that he did not pay plaintiff for such services, then his estate was liable to plaintiff for the reasonable value of the services, to be determined by them from the evidence, unless they found the services were rendered by plaintiff without any intention of charging deceased therefor, was a proper instruction.

3. ————: HARMLESS ERROR. An instruction excluding the testimony of plaintiff, contradicting certain admissions testified to by witnesses as having been made by her, after the granting of letters of administration on the estate of deceased, was to that extent error, though harmless error.

4. ————. An instruction offered commenting on the evidence was properly refused.

*Appeal from the Montgomery Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*Claude R. Ball, James F. Ball,* and *Mabry & Collum* for appellant.

The evidence introduced by plaintiff fails to show either an express or implied contract, and she is not entitled to recover. *Ryan v. Lynch,* 9 Mo. App. 18; *Woods v. Land,* 30 *Id.* 176; *Brock v. Cox,* 38 *Id.* 40; *Callahan v. Riggins,* 43 *Id.* 130; *Penter v. Roberts,* 51 *Id.* 222; *Bittrick v. Gilmore,* 53 *Id.* 53; *Barton Bros.*

*v. Hunter*, 59 *Id.* 610; *Dobbs v. Cates*, 60 *Id.* 320; *Harnett v. Christopher*, 61 *Id.* 64.

Instruction number 10 was drawn upon the authority of *Woods v. Land*, 30 Mo. App. 181, and should have been given. *Cunningham v. Snow*, 82 Mo. 587.

Compensation for services can not be implied contrary to the intention of the parties. *Bittrick v. Gilmore, supra*, and citations.

It was the duty of the court under the evidence to have directed a verdict for defendant. *Jackson v. Harden*, 83 Mo. 175; *Powell v. R. R.*, 76 *Id.* 84; *Landis v. Hamilton*, 77 Mo. 554. See, also, *Guenther v. Berkicht*, 22 Mo. 439–443; *Woods. v. Land, supra; Penther v. Roberts*, 51 Mo. App., and other authorities cited under point 1.

*W. B. M. Cook* for respondent.

There was sufficient evidence on which to base an implied promise. *Hart v. Hart's Adm'r*, 41 Mo. 441; *Ramsey v. Hicks*, 53 Mo. App. 190; *Ronsiek v. Boverschmidt's Adm'r*, 63 *Id.* 421. See, also, *Reando v. Misplay*, 90 Mo. 251.

Defendant did not rest his case upon plaintiff's evidence, and is in no position to urge the overruling of the demurrer to plaintiff's evidence as reversible error. *Bowen v. R. R.*, 95 Mo. 276; *Jennings v. R. R.*, 112 *Id.* 274; *Ronsiek v. Boverschmidt, supra*. The evidence was ample to sustain plaintiff's cause of action. *Wolff v. Campbell*, 110 Mo. 120; *Gregory v. Chambers*, 78 *Id.* 294; *Steamboat v. Matthews*, 28 *Id.* 248.

An agreement or promise to dispose of property by will in a particular way, if made upon a sufficient consideration, is valid and binding. *Wright v. Tinsley*,

30 Mo. 389; *Gupton v. Gupton*, 47 *Id.* 37; *Sutton v. Hayden*, 62 *Id.* 101. And the promise need not be writing; it is sufficient if made orally, and may be implied from circumstances in case of part performance. *Sharkey v. McDermott*, 91 Mo. 647; *Hiatt v. Williams*, 72 Mo. 214; *Fuchs v. Fuchs*, 48 Mo. App. 18, and citations, *supra*.

Where service has been performed under an agreement that remuneration will be made therefor, by deed or will conveying land, specific performance may be maintained against the heirs of the promisor, or an action at law against his personal representative. *Koch v. Hebel*, 32 Mo. App. 103; *Sharkey v. McDermott*, *supra*.

There was no error committed in giving instruction number 5. R. S. 1889, sec. 8918; *Meyer v. Thiemann*, 90 Mo. 433; *Leper v. Taylor*, 111 *Id.* 312; *Nowack v. Burger*, 133 Mo. 37.

The declarations of an intestate are admissible against his administrator. 1 Greenlf. Ev. [14 Ed.], secs. 189, 191, 207; *Sutton v. Hayden*, *supra*; *Hart v. Hart's Adm'r*, *supra*.

BLAND, P. J.—Plaintiff presented to the probate court of Montgomery county her account for allowance against the estate of A. A. Baugh, deceased, wherein she claimed that the estate was indebted to her for services rendered Baugh in his lifetime, as his housekeeper from November 1, 1885, to May 9, 1895, at the rate of $1.50 per week; total, $734.50. A trial was had by jury in the probate court, in which plaintiff recovered. An appeal was taken to the circuit court, where upon a trial *de novo* plaintiff again recovered judgment, from which the defendant duly appealed to this court.

A. A. Baugh was a bachelor fifty-five or sixty years

old, residing alone on his farm in Montgomery county. The plaintiff was his niece, a widowed lady with two children, one about two years old, the other one a baby (in the year 1885) when she went to Baugh's with her children to keep house for him. There is no direct evidence that any contract or agreement was made between plaintiff and Baugh, as to the terms on which plaintiff should serve Baugh. She continued with him until his death in April or May, 1895, doing all of his housework. The evidence is that she was an industrious woman, a good housekeeper, a good cook, and that she was very kind to Baugh; that his personal appearance and mental habits were both improved after she took charge of his household affairs. She raised a great many chickens, turkeys and ducks, which she prepared for market and sold, and by this means it appears she furnished about all of the family groceries, and purchased some clothing for her children. Several witnesses testified that in conversations with Baugh he spoke very kindly of the plaintiff; said that she had done a great deal for him, and that he intended to will her and her children forty acres of land upon which his dwelling house, barn, etc., were situated. One witness testified to a conversation with him, in which he said he intended to compensate her for all she had done for him. On the other hand there was considerable testimony of admissions and declarations on the part of the plaintiff, that she was living with her uncle as a member of his family, and was not hired, and that she sought his house as a home for herself and children. The court at the instance of the plaintiff gave the following instructions, of which appellant complains:

"(1) If the jury believe from the evidence that the deceased agreed to pay plaintiff, either in money or land by will, as compensation due her for her serv-

ices, and not as a mere gratuity, then the jury should find for the plaintiff."

"(2) The court instructs the jury that if they believe from the evidence that plaintiff rendered valuable services to deceased, Baugh, in his lifetime and at his request, and that he did not pay her for such services in his lifetime, then his estate is liable to plaintiff for the reasonable value of such services, to be determined by the jury from the evidence, unless the jury should find from all the evidence and circumstances in evidence before them, that such services were rendered by plaintiff without any intention on her part of charging deceased for the same at the time she rendered them."

"(5) The court instructs the jury that under the law of this state when one party to a contract is dead, that the other party is not permitted to testify except as to such acts and contracts as have been done or made since the appointment of the administrator and that the plaintiff in this case under the law is not a competent witness and would not have been permitted to testify had she been offered as a witness."

The court refused to give the following instruction asked by the appellant, viz.:

"(10) The jury are further instructed that loose declarations made by deceased to others, to the effect that he intended to leave a certain portion of his estate to the plaintiff and others and expressions of gratitude for kindness shown him by the plaintiff are not to be taken as evidence of a contract between plaintiff and the deceased, and the fact that deceased spoke of giving or intending to give to the plaintiff forty acres of land, by deed, will, or otherwise will not justify a verdict for plaintiff in the absence of a contract, express or implied. And you are further instructed that serv-

ices rendered by the plaintiff who was living at the home of the deceased, merely with a view to, or in expectation of, the generosity of the deceased for whom the alleged services were rendered will not support an implied contract.''

Of this action of the court appellant also complains. The first instruction is based upon the hypothesis of an express agreement by Baugh to pay plaintiff INSTRUCTION. for her services, in land or money. There is some evidence, though slight, in support of this theory of the case. The declarations of Baugh, if made, that he intended to compensate respondent for her services, and that he intended to will her and her children the forty acres of land, is some evidence of an agreement between him and respondent. Instruction number 2 is in all respects a correct declara- INSTRUCTION. tion of the law under the evidence in this case, and is supported by the following authorities: *Smith v. Myers*, 19 Mo. 433; *Hart v. Hart's Adm'r*, 41 Mo. 441; *Reando v. Misplay*, 90 Mo. 251; *Ramsey v. Hicks*, 53 Mo. App. *loc. cit.* 195.

The relation of parent and child did not exist in this case, and the doctrine enunciated in *Erhart v. Deitrich*, 118 Mo. 418, and in *Ronsiek v. Boverschmidt's Adm'r*, 63 Mo. App. 421, is inapplicable to INSTRUCTION: harmless error. the facts of this case. The respondent was a competent witness to contradict certain admissions, testified to by some of the witnesses, as having been made by her, after the grant of letters of administration on Baugh's estate (*Leeper v. Taylor*, 111 Mo. 312), and to that extent instruction number 5 is incorrect. But in our view of the facts, this error was harmless. The jury could not presume that she would have contradicted these statements had she been allowed to testify and the appellant got the full benefit of this testimony. Instruction number 10 refused was

INSTRUCTION. a comment on the evidence, or at best an expression of an opinion as to the weight of evidence, and was properly refused. *Scott v. Allenbaugh*, 50 Mo. App. 130; *Doud v. Ried*, 53 Mo. App. 553; *St. Louis, Keokuk & N. W. R. R. Co. v. St. Louis Union Stock Yards Co.*, 120 Mo. 541. No special complaint is made on account of other instructions given and refused. An examination of them has satisfied us that the jury were fully instructed on all the issues in the case, and that no prejudicial error was committed. The weight of the evidence, as it appears to us, was with the appellant, yet the verdict of the jury is not without substantial evidence to support it, and for that reason it can not be disturbed here. *Bray v. Kremp*, 113 Mo. 552; *Henry v. Wabash Western R. R. Co.*, 109 Mo. 488; *Lange v. Uhlman*, 47 Mo. App. 277. In the progress of the trial general objections were made to the admission of evidence, but we have failed to find any prejudicial error in the admission or rejection of testimony, nor is this point urged here by appellant in his brief as ground for a reversal. It follows from what has been said, that the judgment must be affirmed. It is so·ordered. All concur.