STONE, Respondent, v. TROLL, Public Administrator, Appellant.

**St. Louis Court of Appeals, December 1, 1908.**

1. **CONTRACTS: Implied Contract: Gratuitous Service.** The presumption that services rendered by a child to its parent are gratuitous may be overcome by evidence of an express promise by the parent to pay for the services or by evidence which shows that the child rendered the services with the expectation of payment and that the parent intended to pay for them.

2. ————: ————: ————: **Prima-Facie Case.** Where a working man with a large family lived in a tenement and his father came to live with him and was assigned a room in the tenement, was furnished board and had his laundry done by the plaintiff's wife, and where it was shown that he expressed his appreciation of the services rendered and stated to several friends that he intended to give his son everything he possessed as a reward to him and his wife for the treatment they had given him, this was sufficient to make out a prima-facie case of his intention to compensate for the services; and also was evidence tending to show there was an understanding between the father and son that the latter should be compensated for his services.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale,* Judge.

AFFIRMED.

*Henderson & Becker* and *J. R. Van Slyke* for appellant.

*J. L. Hornsby* for respondent.

BLAND, P. J.—Defendant is the administrator of the estate of Charles K. Stone, deceased. The action was begun in the probate court of the city of St. Louis, by the presentation therein of the following account for allowance against the estate of Charles K. Stone:

"Charles K. Stone, deceased, to Albert Stone, Dr.

"To board and lodging for deceased from
      May 4, 1904, to Feb. 17, 1906, 95
      weeks, at $5.50 per week .......... $522.50

"To amount paid for telegrams and other
      expenses and loss of time on account
      of deceased ..................... ........ 27.50

        "Total .............. .......... $550.00."

In due course the cause was appealed to the circuit court, where on a trial *de novo,* the court sitting as a jury, the finding and judgment were for plaintiff. Defendant appealed.

The facts developed at the trial, briefly stated, are these: In May, 1904, Charles K. Stone, the father of Albert Stone, the plaintiff, came from Minnesota to St. Louis and thereafter resided with his son in said city, until February 17, 1906, when he died. His son was a pattern maker and had a wife and eight or ten small children residing with him in a five-room tenement house. In this tenement a room was set apart for Charles K. Stone which he occupied until the date of his death. He was also furnished board by his son, and his laundry was done by plaintiff's wife. The evidence shows that deceased was well cared for by plaintiff and his wife and that he appreciated the good treatment and the services rendered him by them, and on several occasions stated to a neighbor and intimate friend, that everything he had, "everything he possessed," he intended to give to his son, and that he could not reward him and his wife enough for the treatment he had from them; that he would give to his son and his son's children an eighty-acre farm he owned in Minnesota as soon as they would move to it. Plaintiff also offered evidence tending to prove his account. Defendant offered no evidence. At the close

of plaintiff's evidence, defendant offered a demurrer thereto which the court refused.

At defendant's request the court declared the law as follows:

"The court further declares the law to be that before the plaintiff can recover in this case, he must prove, by a preponderance or greater weight of the evidence, either an express contract to pay between the father and son for said services and support or that at the time said services were rendered and said support was furnished, that the father intended to pay his son for said services, and at that time the son intended to charge his father for said services and support. And if the court believes that plaintiff has failed to so establish these facts, then the court declares the law to be that plaintiff is not entitled to recover and its verdict will be for the defendant.

"The court declares the law to be that the mere fact that Charles K. Stone lived with Albert Stone, his son, does not entitle Albert Stone to charge the estate of his father with board and lodging during said time.

"The court declares the law to be that in this case the law presumes that there was no intention on the part of the father to pay, or on the part of the son to receive pay for the value of services rendered or the support furnished.

"The court further declares the law to be that before plaintiff can recover in this case, he must prove, by a preponderance or greater weight of the evidence, that at the time said services were rendered and said support was furnished, that the father intended to pay his son for said services, and at that time the son intended to charge his father for said services and support. And if the court believes that plaintiff has failed to so establish these facts, then the court declares the law to be that plaintiff is not entitled to recover and its verdict will be for the defendant."

Barring his demurrer to the evidence, defendant got all the declarations of law he asked for, so the sole question in the case is whether or not the court should have sustained the demurrer.

The legal presumption of a promise to pay for services rendered by one person at the request of another, where there is no contract or agreement for compensation, is reversed when the services are rendered by a child to its parent. In such circumstances the law implies the services were gratuitous. But this is only a presumption of fact which may be overcome by evidence of an express promise by the parent to pay for the services, or where the evidence shows the child rendered the services in expectation of payment and the parent intended to pay for them. There is no evidence of an express contract between deceased and his son, the plaintiff, that deceased should pay for the services rendered him by his son, but there is evidence that plaintiff was a working man, with a wife and large family of children, living in a rented tenement, and there is evidence tending to show deceased intended to pay plaintiff and his wife for taking care of him. John Weiland, a witness for plaintiff, testified that deceased not only once, but many times, told him that he intended that his son should have everything he had for the good treatment he and his wife had given him. Nothing was said by deceased to Weiland about making a will in favor of his son. The purpose of the deceased, from the evidence, seems to have been to turn over everything he possessed to his son in his lifetime. We think this evidence clearly shows he intended to compensate his son for the services. The evidence of an intention on plaintiff's part, to charge deceased for taking care of him is not so clear, but the declarations of deceased, that he intended his son should have everything he possessed, and that he intended to give him his farm in Minnesota, is some evidence of an

understanding between the father and son that the latter should be compensated for his services. [Hayden v. Parsons, 70 Mo. App. 493; Lillard v. Wilson, 178 Mo. 145.] This evidence, considered in the light of plaintiff's occupation as a wage earner, and the fact that he had a large family of his own to support and lived in a rented tenement, we think tends to show the services were not rendered as a gratuity and hence that the demurrer to the evidence was properly overruled.

The judgment is affirmed. All concur.