JAMES HART, Respondent, v. CHARLES E. HESS, Public Administrator of St. Charles County, having in charge MARY HART'S ESTATE, appellant.

*Contract—Promise—Parent and Child.*—Where a child after coming of age resides with a parent and renders services, it will be a question for the jury to decide, taking into consideration the nature and degree of the relationship, the circumstances in life of the parties and other matters which may affect it, whether there was an implied contract for compensation. The statements of the parent are admissible in evidence for the plaintiff in connection with other circumstances.

*Appeal from the Sixth District Court.*

*Kingsberry & Hess*, for appellant.

I. The Circuit Court erred in admitting the declarations of Mrs. Hart. They were not declarations against her interest so that they would have been admissible in favor of claimant in a suit against her while living ; they are not evidence of any contract to pay plaintiff for services—are not admissions of indebtedness—are mere expressions of a consciousness of moral obligation—of gratitude. They did not tend to show that mother and son had an understanding or contract that services were to be rendered for wages, or wages paid for services—Dyer v. Ainsworth, 9 Barb. 619. Such declarations were illegal evidence tending directly to mislead the

jury—2 Grah. & Wat., New Tri. 644–5 ; Weeks v. Lowerre, 8 Barb. 630.

II. The court should have granted the instruction asked by defendant—Add. on Cont. 428–9 ; Ridgway v. English, 2 Zabris. (N. J.) 409 ; Oxford v. McFarland, 3 Ind. 156 ; Sprague's Adm'r v. Waldo's Adm'r, 38 Vt. 139 ; Condor's App., 5 Watts & Serg. 513.

III. The instruction granted by the court was erroneous because it does not lay down the general principle of law in reference to contracts of hiring correctly. " The law is," says the instruction, " that where services are rendered and received a contract of hiring or an obligation to pay will be presumed." This is not correct in not limiting its application to strangers—Add. on Cont. 428 ; 1 Pars. on Cont. 529. And it is not cured by what follows : " But a presumption may arise from the relationship of the parties that the services rendered are acts of gratuitous kindness." As applied to this case, relationship of parent and child, a presumption does arise that the services are gratuitous. The instruction is not explicit (3 Grah. & Wat., New Tri. 773, et seq.) and does not state the law correctly—Lovell v. Brice, — Wright, 89 ; Andrews v. Foster, 17 Vt. 556 ; Resor v. Johnson, 1 Cart. (Ind.) 100 ; Zerbe v. Miller, 16 Penn. 481 ; Miller v. Miller, 16 Ills. 296 ; Munxeo v. Munger, 33 N. H. 581 ; Weir v. Weir's Adm'r, 3 B. Mon. (Ky.) 645 ; Smith v. Myers, 19 Mo. 433 ; Guenther v. Birkicht's Adm'r, 22 Mo. 439 ; Morris v. Barnes' Adm'r, 36 Mo. 412 ; Dye v. Cerr, 15 Barb. (N. Y.) 444 ; Mosteller's App., 30 Penn. 473 ; Leavy v. Leavy, 37 N. H. 125 ; Murdock v. Murdock, 7 Cal. 571 ; Swartz v. Hazlit, 8 Cal. 118 ; Hack v. Stewart, 8 Barb. 213 ; Walkers' case, Rawle, 243 ; King v. Low, 1 Barn. & Ald. 181 ; Davies v. Davies, 9 C. & P. 87.

*Wm. A. Alexander*, for respondent.

The question in this case is, can a son recover from his mother's estate, for work and labor, without proof of an express contract? The respondent maintains that a recovery

may be had or an action sustained on an implied as well as on an express contract; and that when such facts and circumstances are proven to a jury as to satisfy them that compensation was expected by both parties, or that the work was done under such circumstances as to render an expectation of pay reasonable and natural, a recovery may be had, and that in all cases of this character it is for the jury to determine from all the facts and circumstances of each particular case, whether there was an implied contract or expectation of compensation between the parties.   The instruction given by the court declared the law favorably to appellant—Smith v. Myers, 19 Mo. 433; Guild v. Guild, 13 Pick. 130; Miller v. Miller, 18 Ills. 296.

WAGNER, Judge, delivered the opinion of the court.

This was a proceeding originally instituted in the Probate Court of St. Charles county.   The respondent presented his claim against the estate of his mother, Mary Hart, deceased, for work and labor done and performed, and services rendered for the period of six years, and on an issue submitted to a jury had a verdict in his favor.   An appeal was taken to the Circuit Court, where upon a trial before a jury the plaintiff had another verdict.   The case was then carried to the District Court, where the judgment was affirmed.

The giving and refusing of instructions, and the admitting of illegal evidence, are the errors complained of.   The evidence substantially shows that James Hart, the respondent, continued to reside with his mother after he had attained the age of twenty-one years and until her death, being a period of about six years; that he took charge of the small farm on which she resided, doing most of the work, and by his labor supported and maintained the family, which consisted of his mother and two sisters.   The other brothers had gone away from home.   When there was nothing to do on the farm he hired himself out, frequently giving the wages which he received for such services to his mother.   The value of his services while he so continued to work for his mother was

proved, but there was no evidence of any express contract that he should receive compensation therefor. Evidence was admitted that the mother had declared on different occasions, that James gave her money ; that he supported the family for the last six years, and if it was not for him they would suffer, and that she did not know how she could have got along without him. This evidence was objected to.

The court then instructed the jury, that, "where services are rendered and received, a contract of hiring, or an obligation to pay, will be presumed ; but a presumption may arise from the relationship of the parties that the services rendered are acts of gratuitous kindness. And in this case, it is a question for the jury, taking into consideration all the circumstances, including the nature and degree of the relationship and the circumstances in life of the parties, whether there was any implied contract for compensation ; and if the jury believe from the evidence that these services rendered were acts of gratuitous kindness, then there was no implied contract and the plaintiff could not recover." This instruction was objected to ; and the court refused the following instruction asked for the appellant: "If the jury believe from the evidence that James Hart was a member of the family of Mary Hart, and that as such member of the family he worked on the place, then, unless the jury further find from the evidence that a special contract for wages was entered into by and between Mary Hart and plaintiff, then the jury will give a verdict for the defendant."

The objection to the evidence received by the court we think untenable. The declarations of Mrs. Hart amounted to admissions made by her concerning the value and importance of James' labor, and the manner in which it was bestowed ; and although they are of no particular weight taken by themselves, yet they were competent evidence to go to the jury for what they were worth in connection with other circumstances.

The theory of the appellant is, that where a son continues to reside with his parent after he arrives at the age of twen-

ty-one, and performs work and labor, and renders service, he cannot recover unless he shows a special or express contact entered into with his parent for wages or compensation. This is certainly the settled rule of law in England and in some of the States of this Union. As between strangers the general rule undoubtedly is, where nothing is shown to the contrary, that whenever services are rendered and received, a contract of hiring or an obligation to pay will be implied. The mere fact, disconnected and alone, that a child resides with its parents after it has attained its majority, and performs service, will not raise an implied assumpsit. The parent is not legally entitled to the earnings of his children after they arrive at the age of twenty-one, nor is he legally bound to support them ; yet if they live with him as members of his family without any contract or understanding that he shall pay for their services, or receive pay for their maintenance, the law will not imply a promise to pay on either side— Williams v. Hutchinson, 3 Comst. 312. But our court has held, and we consider the doctrine more in consonance with justice, that in all such cases it is a matter for the jury to determine from all the circumstances whether the services were rendered under an implied contract for wages or not. This position is also supported by many respectable authorities in other States.

In the case of Guenther v. Birkicht, 22 Mo. 439, it was decided that where a step-son continued to reside in the family of his step-father after coming of age, the law would not imply a contract to pay him for services rendered. Many of the decisions bearing on the subject were there quite lengthily reviewed. But Mr. Justice Ryland, who delivered the opinion of the court, is precise and particular in disclaiming the idea that a recovery could only be had on an express contract. He says : "As this case must go back to the Circuit Court, we would not be understood as laying down the law so as to require the plaintiff to produce proof of an express promise on the part of Birkicht to pay the plaintiff for his services

after he became of age, or to produce proof of a *specific contract* for that purpose."

In Morris v. Barnes, 35 Mo. 412, it seems the services were rendered gratuitously, and without any expectation of payment, and the court in deciding the case merely reasserted the familiar principle, that what was intended as a gratuity cannot afterwards be turned into a charge. The law we think is well and correctly stated by Judge Scott in Smith v. Myers, 19 Mo. 433, that "in all such cases it will be a question for the jury, taking into consideration the nature and degree of the relationship, circumstances in life of the parties, and other matters which may affect it, whether there was any implied contract for compensation." To the same effect is the language of C. J. Shaw, "that it would be quite competent for the jury to infer a promise from all the circumstances of the case ; and that although the burden of proof is upon the plaintiff, as in other cases, to show an implied promise, the jury ought to be instructed that if, under all circumstances of the case, the services were of such a nature as to lead to a reasonable belief that it was the understanding of the parties that pecuniary compensation should be made for them, then the jury should find an implied promise and a *quantum meruit ;* but if otherwise, then they should find that there was no implied promise "—Guild v. Guild, 15 Pick. 130.

The legal principles which must control cases of this description can only be indicated. It is impossible to lay down precise or accurate rules to govern all the cases which may arise. Each case will necessarily depend on its own special circumstances. The jury having found, after considering all the circumstances, that there was an implied promise, acting under what we deem a correct and proper declaration of the law, the judgment will be affirmed. Judge Holmes concurs ; Judge Fagg absent.