The Aull Savings Bank, *Appellant*, v. Aull's Administrator.

1. **Landlord and Tenant**: USE AND OCCUPATION. It is well settled law in this State that an action for use and occupation does not lie unless the relation of landlord and tenant, either express or implied, exists between the parties.

2. **Deed**: CONSIDERATION CLAUSE: PAROL EVIDENCE. Where the grantor in a deed cont.nued, after its execution and delivery, to use a part of the premises conveyed; *Held*, that parol evidence was admissible to show that this was part of the bargain; its effect was not to contradict the deed, but to explain the consideration clause, which is allowable.

3. **Implied promises**. The law never raises a promise where the evidence shows the parties intended none.

4. **Deed**: CONSIDERATION CLAUSE: PAROL EVIDENCE. It is true that a reservation of an interest in real estate can only be made by deed; but if the parties agree that the grantor may continue to use the premises and he does so, this may be shown by parol in bar of an action for use and occupation.

5. **Practice**: THE RECORD. This court will not reverse a judgment for refusal of the trial court to admit evidence, if it cannot determine from the record whether the evidence is material or not. See *Bank of Pleasant Hill v. Wills*, 79 Mo. 275.

*Appeal from Lafayette Circuit Court.*—Hon. Wm. T. Wood, Judge.

AFFIRMED.

At the trial of this case in the circuit court a witness for plaintiff was asked to state what George Wilson, then

| | |
|---|---|
| 80 | 199 |
| 96 | 664 |
| 31a | 74 |
| 80 | 199 |
| 39a | 684 |
| 41a | 477 |
| 41a | 479 |
| 80 | 199 |
| 42a | 354 |
| 80 | 199 |
| 45a | 647 |
| 80 | 199 |
| 112 | 311 |
| 80 | 199 |
| 113 | 656 |
| 115 | 363 |
| 116 | 14 |
| 117 | 638 |
| 80 | 199 |
| 118 | 431 |
| 55a | 310 |
| 80 | 199 |
| 121 | 98 |
| 121 | 296 |
| 121 | 552 |
| 123 | 179 |
| 124 | 523 |
| 59a | 599 |
| 59a | 641 |
| 60a | 563 |
| 80 | 199 |
| 127 | 519 |
| 80 | 199 |
| 129 | 201 |
| 63a | 578 |
| 80 | 199 |
| 132 | 34 |
| 132 | 146 |
| 80 | 199 |
| 135 | 615 |
| 80 | 199 |
| 144 | 55 |
| 80 | 199 |
| 145 | 267 |
| 76a | 618 |
| 77a | 134 |
| 77a | 154 |
| 77a | 162 |
| 80 | 199 |
| f156 | 152 |
| 80 | 199 |
| 161 | 81 |
| 87a | 490 |
| 80 | 199 |
| 162 | 228 |
| 163 | 385 |
| 80 | 199 |
| 90a | 555 |
| 80 | 199 |
| f94a | 5485 |

deceased, had testified to in the probate court, where the case originated; but the court refused to permit him to do so. Plaintiff assigned this for error. The testimony which it was thus proposed to have rehearsed to the jury was not embodied in this record.

The fourth instruction referred to in the opinion, was as follows:

Real estate and the fixtures and appurtenances thereto belonging can only be sold and conveyed by deed, and all reservations of any interest in such property by the grantor must be made by and in the deed, and cannot be shown by parol; and if the jury believe from the evidence that the deed of conveyance of said real estate, banking house and fixtures by said Robert Aull, purports to convey the whole of such property, then no reservation of the use of any part of such property for the use and benefit of said Robert Aull or his agent can be shown by parol.

*Wallace & Chiles* for appellant.

*J. D. Shewalter* for respondent

SHERWOOD, J.—The plaintiff presented in the probate court for allowance against the estate of Robert Aull, deceased, a demand of $1,639.04, for rent of office in the Aull Savings Bank building, and use of vault and safe from March 19th, 1874, to November 19th, 1878, at $25 per month, payable monthly. The amount of the demand consisted in part of interest charged on each month's rent as it was alleged to have fallen due. George Wilson, the agent of Robert Aull, deceased, had for years occupied a desk and a portion of the space in the room or rooms in the bank building, and after the transfer of that building by decedent to the plaintiff, Wilson continued to occupy this desk, etc., transacting some business for Aull; but being also president of the bank and entitled as such to desk-room in the building. The transfer to the plaintiff occurred

in March, 1874. No rent was ever charged on the books of the bank for Wilson's occupying the desk, etc. Nor was any rent ever demanded during the lifetime of Aull.

## I.

It is well settled law in this State that an action for use and occupation does not lie unless the relation of landlord and tenant, either express or implied, exists between the parties. *Edmonson v. Kite*, 43 Mo. 176, and cases cited. In the present instance it is clear there was no express agreement for the payment of rent, and the fact that no rent was ever charged against Aull on the books of the bank, none ever demanded of Wilson, the agent, from the time of the transfer down to the time of Aull's decease in 1878, is so inconsistent with the ordinary course of business, if rent payable monthly was really thought of or claimed by the bank to be due, that these circumstances alone were entitled to considerable weight in determining whether any compensation for the space occupied was ever contemplated by the parties. The silence and acquiescence of the bank, its failure to charge, demand or receive rent during the space of more than four years, is evidence in and of itself that none was to be charged or that the matter had been otherwise arranged. *Baile v. Ins. Co.*, 73 Mo. 371; 1 Greenleaf Ev., § 197.

## II.

Objection is taken here, as below, to the admissibility of testimony to the effect that it was part of the consideration of the transfer that Wilson, the agent, was to continue occupying the desk, etc., in the bank building in winding up the business of Aull. This evidence was admissible. It did not tend to vary or contradict the deed made by Aull. The consideration clause in a deed can be explained or contradicted, since it occupies no higher plane than an ordinary receipt for money. *Baile v. Ins. Co.*, *supra*, and cases cited.

III.

The law never implies what the parties never intended; never raises a promise in such circumstances. *Morris v. Barnes*, 35 Mo. 412; *Guenther v. Birkicht*, 22 Mo. 439; *Hart v. Hart*, 41 Mo. 441. The instructions, as well for plaintiff as for defendant, put the law of the whole case, as already set forth, to the jury in the fairest possible manner, and neither party would have had any ground for complaint had the verdict been adverse to their claim. The jury have found that plaintiff is not entitled to recover, and this must be accepted as final.

IV.

Respecting the fourth instruction asked by plaintiff and refused by the court, it is enough to say that what it holds for law is at best but a mere abstraction. It is true a reservation of real estate can only be made by deed, nor did defendant claim otherwise. The question is not what the parties could do, but what did they do. If plaintiff, without a reservation formally made in the deed, granted to Robert Aull's agent certain privileges, such privileges as, according to John Aull, rightfully belonged to him and formed a part of the consideration for that deed, it is quite too late after years have gone by, after Robert Aull is in his grave, to raise the point now that the reservation of those privileges should have been made in the deed with all the formality incident to a technical reservation. Besides, this instruction ignores the theory of a parol license subsequent to the sale.

V.

It is claimed that error was committed by the trial court in refusing to permit a witness to testify as to what a deceased witness had testified to, on a former occasion, before the probate court. What the nature of that testimony was, whether material or immaterial, we are not informed. It is the duty of a party alleging error to establish

it, at least *prima facie.* We shall not assume that the trial court erred unless it is made to appear.

For these reasons, judgment affirmed. All concur.