FEURTH v. ANDERSON, *Administrator, Appellant.*

1. **Appeal**: PRESUMPTION.   An appeal from an inferior court will be presumed to have been taken within the time allowed by law, where the record shows nothing to the contrary.

2. **Allegations** : PROOF : VARIANCE.   No recovery can be had upon a petition declaring upon a contract to furnish certain specified articles for a given sum, where the evidence shows the furnishing of other and different articles than those specified in the contract.

3. **Practice** : EVIDENCE.   In an action upon a contract to make satisfactory repairs upon a certain reaper for the harvest of 1882, evidence that the defendant used such a reaper in the harvest of 1881, and expressed himself satisfied with it, is inadmissible.

*Appeal from Scott Circuit Court.*—HON. J. D. FOSTER, Judge.

REVERSED.

*L. B. Valliant* and *D. L. Hawkins* for appellant.

(1)   The record does not show that there was any appeal legally taken from the judgment of the probate court.   R. S., sec. 293.   The jurisdictional fact must appear on the face of the record.   *State v. Metzger*, 26 Mo. 65; *Hansberger v. Railroad Co.*, 43 Mo. 196 ; *Schell v. Leland*, 45 Mo. 289.   The record does not show this fact, and it may be taken advantage of at any time.   *Henderson v. Henderson*, 55 Mo. 534 ; *Graves v. McHugh*, 58 Mo. 499.   (2) There was no pretense of an assignment, and the suit could only be brought in the names of H. Reinstadler and the plaintiff jointly.   *Dewey v. Carey*, 60 Mo. 224.   (3) There was not a scintilla of evidence tending to establish plaintiff's alleged cause of action. (4) The court erred in overruling defendant's several objections to the evidence of plaintiff.

*D. H. McIntyre* and *Marshall Arnold* for respondent.

(1) It will be presumed. that the probate court granted the appeal within the time prescribed by law, there being nothing in the record to the contrary. As to the circuit court, it cannot be presumed that it assumed jurisdiction where there was none. It is a court of general jurisdiction, and hence "everything is presumed in its favor." *Schell et al. v. Leland et al.*, 45 Mo. 289, 294. Presumptions should be invoked to support rather than overthrow judgments. *Combs v. Smith*, 78 Mo. 32, 41; *Birney v. Sharp*, 78 Mo. 73, 76. And the action of probate courts, "on subjects exclusively and originally confided to them, is entitled to the same weight as that of any other court of record." *Johnson v. Beazley*, 65 Mo. 250, 256. The circuit court had original jurisdiction as well as appellate in this case (section 191, Revised Statutes, 1879), and when an appeal is taken, tries the case *de novo* not regarding any error, defect, or imperfection of the probate court. R. S. 1879, sec. 299. (2) Objections as to defect of parties come too late in this court for the first time. R. S., sec. 3519; *Fowler v. Williams*, 62 Mo. 403; *Kellogg v. Malin*, 62 Mo. 429; *Donnan v. Printing Co.*, 70 Mo. 168. (3) The court sitting as a jury found for plaintiff, and this court will not disturb that finding. *Gist v. Loring*, 60 Mo. 487; *Wright v. McPike*, 70 Mo. 175, 180.

NORTON, J.—Plaintiff presented to the probate court of Scott county a demand for allowance against the estate of Paschal E. Ancill, deceased. The demand presented was based on the following account:

"Paschal Ancill to H. Reinstadler and Chas. Feurth, Dr.
  "August 20, 1881.
        "To putting up new knotter on binder for
            harvest of 1882, with late improve-
            ments, malleable castings as per con-
            tract...............................$250 00"

The case was tried in said court on the twelfth day of February, 1883, that being the first day of the February term;, the claim was disallowed, and judgment rendered for defendant. The record contains an order made by the probate judge, in vacation, on the twenty-sixth day of February, 1883, reciting that on that day plaintiff presented a bond and affidavit for an appeal from said judgment; that the bond was approved and the appeal granted.

On a trial *de novo* in the circuit court, judgment was rendered for plaintiff for two hundred and fifty dollars, which was ordered to be assigned to the fifth class of demands against the estate. From this judgment defendant appeals, and insists that, inasmuch as the statute requires in cases of this kind that when an appeal is taken in vacation, it must be taken within ten days after the expiration of the term of court at which the judgment is rendered, and inasmuch as the record in this case shows that the appeal was taken in vacation, but does not show that it was taken within ten days after the expiration of the said February term of the probate court; that the appeal was improperly allowed and gave no jurisdiction to the circuit court to hear and determine the cause. This point is not well taken, it having been ruled by this court in the case of *City of Kansas v. Clark*, 68 Mo. 588, that an appeal from an inferior court will be presumed to have been taken within the time allowed by law, when the record shows nothing to the contrary.

Plaintiff, on trial, offered the son of the plaintiff as

a witness, who testified in substance as follows: That in the fall of 1881 he went with a man from St. Louis, at his request, to help him fix a reaper and binder on Ancill's place; they found the machine under a mill shed, and proceeded to fix it; they tightened the screws, put in two small wooden braces, and a new spur wheel about six inches in diameter, and generally adjusted it. Paschal Ancill was present and expressed himself as satisfied. The witness said they had found the machine in a bad fix; they did no work on the binder; did not put in a new knotter; and did nothing except as before stated; the St. Louis man explained the machine to Mr. Ancill, and told him it was all right and Ancill was satisfied. The plaintiff also put in evidence the following contract, signed by the parties thereto: "This agreement, made and entered into by and between H. Reinstadler, of St. Louis, and Chas. Feurth, of Cape Girardeau, of the first part, and Paschal Ancill, of Scott county, of the second part, witnesseth: That the parties of the first part agree, by their agent, J. T. Anderson, to put a new knotter on binder for the harvest of 1882, with the late improvements, malleable castings, and if binder, upon trial, does good work, the party of the second part agrees to keep said St. Paul binder and pay two hundred and fifty dollars for same, and if it fails to fill the warranty, then the machine is to be returned to the parties of the first part."

Evidence was offered by plaintiff and received over the objection of defendant, tending to show that Ancill cut his crop of wheat in 1881 with a self-binding reaper, and expressed himself satisfied with it, except that it did not bind the wheat well. This evidence was inadmissible as plaintiff's cause of action was based upon their putting a new knotter on the binder for the harvest of 1882, and not for that of 1881.

The above was all the evidence offered by plaintiff to sustain their case, and by the above contract the con-

ditions precedent to plaintiff's right to recover were that they would put in a new knotter on the binder with the late improvements for the harvest of 1882, and if the binder, on trial, worked well, Ancill was to keep it and pay the price agreed on.   The evidence, on the part of plaintiff, wholly fails to show a compliance on his part with these conditions.   The question is not as to the weight, but an entire failure of evidence.   If the evidence had shown that plaintiff offered to put a new knotter on the binder with the late improvements, and had either been prevented from doing so by Ancill, or he had waived his right to have such knotter put on the binder, and had accepted the work done on the machine as full compliance with plaintiff's contract, his right to recover might be maintained.   While the evidence shows that Ancill expressed himself satisfied with the work that was done on the machine, it does not show that plaintiff offered to put in a new knotter, or did any work on the binder.

Judgment reversed and cause remanded.   All concur.