MARY RONSIEK, Respondent, v. FREDERICK BOVER-SCHMIDT'S ADMINISTRATOR, Appellant.

St. Louis Court of Appeals, November 12, 1895.

1. **Parent and Child:** RIGHT OF LATTER TO COMPENSATION FOR SERVICES. In order that a daughter may recover from the estate of her deceased father for 'services rendered by her to him in his lifetime, she must establish an express or implied contract on his part to pay for the services. And *held*, that the evidence in this case was sufficient to establish such a contract.

2. **Instructions:** REFUSAL WHEN EMBRACED IN INSTRUCTIONS ALREADY GIVEN. The refusal of instructions which are embraced in instructions already given by the court is not erroneous.

3.  **Practice, Appellate:** NON-PREJUDICIAL ACTION IN TRIAL COURT:
    REMARKS OF COUNSEL TO JURY.  At the trial in the circuit court of a
    claim against the estate of a decedent the claimant was permitted to
    swear to her claim before the jury, and her counsel was allowed, in
    the course of his remarks to the jury, to refer to the fact that the
    claim had been verified by affidavit.  *Held,* that these matters did not
    constitute prejudicial error.

*Appeal from the St. Louis City Circuit Court.*—HON.
JACOB KLEIN, Judge.

AFFIRMED.

*John Johnson* and *Hugo Muench* for appellant.

No brief filed for respondent.

BOND, J.—Plaintiff filed her claim, aggregating
$1,500, in the probate court against the estate of her de-
ceased father for personal services during the five years
before his death.  Upon a trial she had judgment for
the full amount, from which the administrator appealed
to the circuit court, where, upon a trial *de novo*,
plaintiff recovered judgment for $750, from which this
appeal was taken by defendant.

The first error assigned is that the court should
have sustained the instruction in the nature of a
demurrer to the evidence offered by defendant at the
close of plaintiff's case.  The court refused this instruc-
tion, whereupon defendant introduced evidence in
support of his denial of plaintiff's right to recover.  By
this action defendant waived the correctness of the
court's ruling on the evidence given for plaintiff, and
submitted the propriety of the instruction upon the
whole case as it stood after the testimony for both
parties had been introduced.  *Jennings v. Railway,* 112
Mo. 274.

It appears from the brief filed by defendant that he
claims this instruction should have been given for an

assumed failure of proof, that plaintiff rendered the services sued for under a contract with her father. Defendant has misconceived the probative force of the facts and circumstances detailed in the evidence. It is distinctly stated by Gus Faber that the deceased called at the place of business of plaintiff's husband in 1890, and, finding the latter absent, stated to witness that the object of his visit was to arrange with her husband that Mrs. Ronsiek should stay at the house of the deceased, since he and her mother were unable to work and had the care of an imbecile son, and could not on that account hire "anybody strange," and that he would pay Mrs. Ronsiek well for her services. There was also testimony tending to show that Mrs. Ronsiek did remain at her father's house for five years preceding his death, and perform the duties of a house servant, and, in addition to these, did other onerous offices rendered necessary by the peculiar sickness of her father. It was also shown that plaintiff's husband had a place of business so far from her father's house that he was much separated from his wife, and that, to induce the husband to consent to such a separation, the deceased called upon him as stated by the witness, *supra*.

The implied contract to pay arising from the rendition of service, which the law raises in transactions between strangers or persons not living in a family relation, is not inferable when the relationship between the parties is that of parent and child. *Erhart v. Dietrich*, 118 Mo. 418. In order to recover against the estate of her father in the present action, it was essential that plaintiff should give evidence tending to show an express or implied agreement on the part of the deceased to pay for the services rendered. *Hart v. Hart*, 41 Mo. 441; *Ramsey v. Hicks*, 53 Mo. App. *loc. cit.* 195. The jury were fully justified in inferring such an agreement from all the evidence in this record; hence

there was no error in overruling defendant's instruction in the nature of a demurrer to the evidence.

The instructions given by the court in this case are not attacked by the appellant. The only point urged in that respect is the refusal of two instructions requested by appellant. Appellant does not in his brief indicate in any way how the court erred in declining these two instructions. He merely sets out one of them and refers to a page of the record for the other, and asserts that both should have been given. An examination of these two refused instructions shows, however, that the propositions of law contained in them are distinctly embraced in instruction "c" given by the court, to wit:

"Unless you believe from the evidence that there was an express agreement on the part of Frederick Boverschmidt with the plaintiff, Mary Ronsiek, to pay her the services rendered, or unless you believe from all the facts and circumstances in the case shown by the evidence, taking into consideration the relationship of the parties, the nature of the services and the condition in life of the parties, that said services were rendered by plaintiff with the intention on her part to charge and on the part of the deceased to pay therefor, then your verdict must be for the defendant."

As appellant's refused instructions were embraced in those given, their refusal was not error.

The only other point made on this appeal is a complaint that the trial court permitted the plaintiff to swear to her claim in the presence of the jury, and allowed her attorney to refer to the fact that the claim had an affidavit to it in the course of his remarks. We fail to see any reversible error in this ruling and action of the court. The judgment herein will, therefore, be affirmed. All concur.