## CAROLINE S. BIRCHER, Appellant, v. BOEMLER, Executor of Last Will of JACOB SCHEER.

### Division Two, June 11, 1907.

1. **SPLITTING DEMANDS: Different Issues.** A single cause of action cannot be split up so as to make different causes of action where there is really but one. Different issues in a case cannot be regarded as different causes of action unless they are really so.

2. ———: ———: **Claim For Last Sickness: Prior Promise.** Where plaintiff presented in the probate court and was allowed a claim of forty dollars against her father's executor for care, maintenance and attendance upon her father during his last sickness, she cannot subsequently maintain a suit for those services based on a promise made her by her father that he would amply provide for her in his last will for her care of him.

3. **SERVICES OF CHILD TO PARENT.** The law presumes that services rendered by a daughter to her father, in caring for, nursing and waiting upon him in her own house, are gratuitous, and, in the absence of an express promise of compensation for such services, she cannot recover their value.

4. ————: **Express Promise: By Last Will.** Where the proof only shows a promise by plaintiff's father to pay his daughter for caring for and maintaining him, by providing for her compensation in his last will, she cannot recover for such services in a suit against his executor for the value of the services.

5. ————: **Acceptance of Payment During Lifetime.** Where plaintiff applied to the probate court for a certain allowance for caring for her demented father and was allowed what she asked for and accepted the same monthly and gave his guardian receipts therefor, she cannot, after his death, come into court and maintain a claim for additional compensation against his executor for identically the same services.

6. ————: **Against Estate.** Plaintiff claims that her father, prior to his becoming insane, expressly contracted with her to pay her for her care of him, which she alleges was worth fifty dollars per month before, and six dollars per day after, he became insane, and in this way she makes her single demand against his executor, upon which she credits thirty-five dollars per month paid her by her father's guardian during the time he was under guardianship. *Held*, that she set up but one cause of action in her claim, and it is one and indivisible, based upon her father's express promise, before he became insane, to make some special provision for her, and the record showing that, upon her own motion, she was allowed, and that she accepted, thirty-five dollars per month for her services during her father's incompetency, and forty dollars for care and attention during his last sickness, her demand is barred.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale,* Judge.

AFFIRMED.

*B. R. Brewer* and *Daniel Dillon* for appellant.

For the purpose of determining whether a case should have been submitted to the jury, the testimony on the part of the plaintiff should be taken as true, and every reasonable inference therefrom in plain-

tiff's favor should be made. Dorsey v. Railroad, 83 Mo. App. 528; Staube v. Christopher & S. A. I. & F. Co., 85 Mo. App. 640; Pauck v. St. Louis Dressed Beef Co., 159 Mo. 467.

*Chas. F. Krone* and *Rassieur & Buder* for respondent.

(1) There is a fatal variance, between the allegations and the proof, amounting to entire failure of proof, as appellant's claim against her father could not arise on implied promise, but necessarily was for his care and maintenance on his express promise to pay her during his lifetime, while the proof showed a promise to provide her compensation by his last will. Sisney v. Arnold, 28 Mo. App. 568; Priest v. Way, 87 Mo. 16; Carson v. Cummings, 69 Mo. 325; Link v. Vaughn, 17 Mo. 585; Faulkner v. Faulkner, 73 Mo. 327; Merle v. Hascall, 10 Mo. 406; Beck v. Ferrara, 19 Mo. 30; Feurth v. Anderson, 87 Mo. 354; Ensworth v. Barton, 60 Mo. 511; Waldhier v. Hannibal, 71 Mo. 514; Smith v. Shell, 82 Mo. 215; Haynes v. Trenton, 108 Mo. 123; York v. Bank, 105 Mo. App. 127; Schneider v. Patton, 175 Mo. 684; Laclede Construction Co. v. Tudor Iron Works, 169 Mo. 137. (2) The claim of appellant for care and maintenance of her deceased father during the period of incompetency, is entirely precluded by the judgment of the probate court allowing her thirty-five dollars per month for this purpose, and the acceptance of such allowance by her during said period. Sec. 3671, R. S. 1899. (3) The entire claim of appellant was barred by the judgment for forty dollars entered in her favor against Henry Boemler, as executor of Jacob Scheer, deceased. The law does not permit a judgment upon a part of a claim, leaving a right of action as to the residue. Laine v. Francis, 15 Mo. App. 107; Wagner v. Jacoby, 26 Mo. 532; Piel v. Finck, 19 Mo. App. 338; Funk v. Funk, 35 Mo. App. 246; Oes-

ter v. Sitlington, 115 Mo. 247; Bank. v. Tracy, 141 Mo. 252; Edmonston v. Jones, 96 Mo. App. 83. (4) The law presumes that services rendered by a daughter to a father are gratuitous. If a party rendering services intends that they should be gratuitous when she renders them, she can not subsequently recover therefor. Louder v. Hart, 52 Mo. App. 377; Bittrick v. Gilmore, 53 Mo. App. 53; Kinner v. Tschirpe, 54 Mo. App. 575; Erhart v. Dietrich, 118 Mo. 418; Lawrence v. Bailey, 84 Mo. App. 107; Castle v. Edwards, 63 Mo. App. 568. (5) The court should take a case from the jury by peremptory instruction where, if it was submitted to the jury and a verdict rendered for plaintiff, such verdict could not stand as having no foundation in law or in fact to rest upon. Warner v. Railroad, 178 Mo. 125; Bank v. Railroad, 98 Mo. App. 330; Fuchs v. St. Louis, 167 Mo. 620; Epperson v. Tel. Co., 155 Mo. 346; Sehr v. Lindemann, 153 Mo. 276.

BURGESS, J.—This is an action by plaintiff, one of the children of Jacob Scheer, deceased, against his estate, on an account amounting to fifty-nine hundred and eighty-two dollars, one item of which is for board, lodging, washing and ironing from October 26, 1895, to September 5, 1899, at fifty dollars per month, amounting to twenty-three hundred and fifteen dollars; the second item is for board, lodging, washing and ironing, care, attention, keeping and nursing, from September 5, 1899, to October 2, 1901, at the rate of six dollars per day, amounting to forty-five hundred dollars; the two items charged in the account aggregating sixty-eight hundred and fifty-seven dollars. There is a credit of eight hundred and seventy-five dollars allowed on this account, paid by the Union Trust Company of St. Louis, as guardian of Jacob

Scheer, insane, leaving a balance due on the account of fifty-nine hundred and eighty-two dollars.

Jacob Scheer died on October 2, 1901, and on December 6, 1901, letters testamentary were granted Henry Boemler, without bond, and on August 25, 1903, more than eighteen months after the granting of said letters, Caroline S. Bircher, the plaintiff, presented said claim against the estate in the probate court of the city of St. Louis.

The claim was disallowed by the probate court on December 7, 1903, whereupon the plaintiff appealed to the circuit court of said city. On April 18, 1904, the cause was heard in the circuit court, whereupon plaintiff took an involuntary nonsuit, which nonsuit, on motion of plaintiff, was thereafter set aside and plaintiff granted a new trial. The cause was again tried in the circuit court on the 16th day of September, 1904, and, under a peremptory instruction of the court, a verdict was rendered for defendant.

Within four days after verdict plaintiff filed motion to set the same aside, which was overruled, and plaintiff appealed.

The facts are substantially as follows:

Jacob Scheer, the father of plaintiff, was declared to be of unsound mind on September 5, 1899, and on September 8 of the same year the Union Trust Company of St. Louis was appointed guardian without bond. On September 18, 1899, the Union Trust Company of St. Louis, as guardian of the person and estate of Jacob Scheer, *n. c. m.*, caused notice of its appointment to be published, in accordance with the statute in such case made and provided, the first insertion appearing on the 19th day of September, 1899, within thirty days of its appointment, and the last insertion made on the 10th day of October, 1899.

Under arrangement with the Union Trust Company of St. Louis, and by consent of all parties inter-

ested, it was agreed that Jacob Scheer was to remain at the home of Caroline S. Bircher, the plaintiff, and on September 25, 1899, she filed a petition in the probate court asking for an appropriation of thirty-seven dollars for clothing already bought, and an allowance of thirty-five dollars per month from September 5, 1899, for board, maintenance and ordinary attention, and twenty-five dollars per month appropriation for clothing and incidental expenses, all of which were allowed and ordered paid. On December 21, 1899, the probate court, on its own motion, ordered an additional appropriation of twenty-five dollars per month for incidentals, making a total allowance of thirty-five dollars per month for board, and fifty dollars per month for clothing and incidental expenses. These payments were made monthly by the Union Trust Company of St. Louis, as guardian, to Caroline S. Bircher and her aged father, both calling in order to make the collections.

This condition of affairs continued to October 2, 1901, at which time, more than two years after he had been declared to be of unsound mind, Jacob Scheer died.

The evidence showed that up to the time of Jacob Scheer's death plaintiff continued to draw an allowance of thirty-five dollars per month for the board and care bestowed upon her father, giving monthly receipts for the same, and at no time while the Union Trust Company of St. Louis was acting as his guardian, claimed, or pretended to make further claim against the estate of its ward. The guardianship of the Trust Company continued from September 8, 1899, to October 2, 1901, two years and twenty days, on which last-named date the death of its ward was suggested by the Trust Company.

On October 21, 1901, the Union Trust Company of St. Louis, as such guardian, filed its exhibits for final

settlements, and on December 3 of the same year settlement to date of death of ward was passed and distribution ordered. Thereafter, on April 17, 1903, final receipts were filed and the guardian discharged.

The evidence showed that on July 8, 1902, more than a year prior to the date of her filing the claim against said estate, plaintiff presented to Henry Boemler, as executor of the last will of Jacob Scheer, deceased, claim against the estate of said deceased, founded on account of care, maintenance and attendance upon said deceased during his last illness; the same, in the sum of forty dollars, was allowed, placed in the second class and ordered paid, which said sum the evidence showed was paid to and received by plaintiff.

The evidence, introduced by plaintiff, showed that Jacob Scheer, the deceased, went to live with his daughter, Caroline S. Bircher, on October 26, 1895; that he remained there until his death, October 2, 1901; that during this entire period the plaintiff gave him proper care and maintenance; that he was duly adjudged *non compos mentis* in the probate court of the city of St. Louis on September 5, 1899; that before he was so adjudged nothing had been paid to the claimant, and that Mr. Espenschied suggested to Scheer that this was an injustice and that he should remunerate his daughter for her services; that he replied that he had to distribute what money he had amongst his six children equally or they would make life miserable for him, but that he would provide a compensation for his daughter for her attentions to him by his last will; that such a will was drawn but was not the last will admitted to probate; that she collected the allowance of thirty-five dollars per month from the Trust Company and gave her receipts for the same, and that her father collected the allowance of fifty dollars per month paid to him for incidental expenses.

There was also some evidence offered by plaintiff

to the effect that before her father had been declared insane he had stated that he would provide for her; that the will admitted to probate made no special provision for her, but that all the children were treated alike.

On behalf of the defendant the testimony tended to show that after the death of the wife of Jacob Scheer a meeting of the members of the family took place, and it was arranged that the father was to remain with Caroline S. Bircher, the plaintiff; that the matter of compensation was discussed and that plaintiff stated that she was amply compensated by his presence, and that she wanted no board. The evidence of defendant also showed that the monthly payments to plaintiff and to her father, and the allowance of forty dollars to her for care, maintenance and attendance on deceased during his last illness, have been paid.

In rebuttal, there was evidence tending to contradict the statement that she had agreed to keep her father without board, and contradicting the nature of the allowance of the forty-dollar claim.

The court thereupon, on its own motion, gave the peremptory instruction complained of and ordered a verdict returned for defendant.

It is said for plaintiff that the account sued on in this case is not defeated because of plaintiff's getting forty dollars under the order of the probate court; that this order shows that said sum was allowed for the last illness of Jacob Scheer, and being the records of the probate court of the city of St. Louis, is not subject to impeachment by verbal testimony for the purpose of showing that plaintiff's account had been split up and, therefore, defeated. The record shows that on July 8, 1902, the plaintiff was allowed a demand for forty dollars against the estate of Jacob Scheer by said probate court, founded upon an account for care, main-

tenance and attendance upon said deceased during his last illness, which said judgment, defendant insists, is a bar to her claim against Henry Boemler as executor of Jacob Scheer, deceased, because the law does not permit a judgment upon a part of a claim, leaving a right of action as to the residue.

No rule of law is better settled than that a single cause of action cannot be split up so as to make different causes of action, where there is really but one. [Savings Bank v. Tracey, 141 Mo. 252; Wagner v. Jacoby, 26 Mo. 532; Railroad v. Traube, 59 Mo. 355; Taylor v. Heitz, 87 Mo. 660; Donnell v. Wright, 147 Mo. 639.] Different issues in a case cannot be regarded as different causes of action unless they are really so.

The contention that there was but one claim is founded upon the fact that the evidence adduced by plaintiff shows that the services rendered by her were not with the view of any immediate reward or compensation, but in reliance upon the express promise of her father to, at some future day, make some special provision for her in his will to compensate for her kindness, in taking care of him and providing for his wants. The record, however, is barren of any evidence of a promise upon the part of plaintiff's father to pay her for the services rendered and board furnished. The claim filed should have been based upon a contract, either express or implied, but the proof fails to show a contract of any kind. On the other hand, there was testimony tending to show that after the death of the wife of Jacob Scheer there was an arrangement among the members of his family, including plaintiff, that he should live with plaintiff and that she should board him, and that she then stated that "she would expect nothing for taking him; that they were amply repaid to have him with them." But even if the evidence that she would expect nothing for taking him be disregarded, the law presumes that services rendered by a daugh-

ter to her father are gratuitous, and, in the absence of an express promise of compensation for such services, plaintiff cannot recover. [Erhart v. Dietrich, 118 Mo. 418; Snyder v. Free, 114 Mo. 360; Morris v. Barnes, Admr., 35 Mo. 412; Hart v. Hart's Admr., 41 Mo. 441; Aull Savings Bank v. Aull's Admr., 80 Mo. 199.] As plaintiff's claim was for the care and maintenance of her father, it must necessarily have been based upon his express promise and undertaking to pay her therefor during his lifetime, and as the proof only showed a promise by him to provide her compensation by his last will, plaintiff is not entitled to recover. [Carson v. Cummings, 69 Mo. 325; Link v. Vaughn, 17 Mo. 585; Faulkner v. Faulkner, 73 Mo. 327; Feurth v. Anderson, 87 Mo. 354; Ensworth v. Barton, 60 Mo. 511; Schneider v. Patton, 175 Mo. 684; Laclede Construction Co. v. Tudor Iron Works, 169 Mo. 137.]

With respect to the second item of plaintiff's account, which is a charge for services rendered her father while he was the ward of the Union Trust Company, defendant contends that her acceptance of the thirty-five dollars per month allowed her by the probate court, on her own petition for this purpose, entirely precludes her from making any further claim for board, lodging, washing and ironing, and care and attention, keeping and nursing her father, after he was declared insane and during the time he was the ward of said Union Trust Company. The record discloses that plaintiff, during that time, applied for a certain allowance, which was made, and that she accepted the same monthly for the period of two years and gave monthly receipts to the guardian therefor. She got all she asked, and cannot now come into court and claim additional compensation for identically the same services. Moreover, in addition to these moneys paid her by the Union Trust Company, as guardian, she was allowed by the probate court against said estate the

sum of forty dollars, on her presentation to Henry Boemler, as executor, a claim for said sum on account of similar services rendered her father during his last illness, and it would seem that all claims of this character ought to be considered as paid.

There is but one cause of action set up by plaintiff in her claim, and it is single and indivisible, based, according to the testimony adduced by plaintiff, upon an express promise of the deceased before he became insane to make some special provision for her. This is the basis of her claim, and this is so whether the services were rendered before or after Jacob Scheer was placed under the guardianship of the Union Trust Company, because the contract, according to plaintiff's theory and the evidence adduced by her, was made, and its performance entered upon, before that event, and the services were to continue during the life of Jacob Scheer. It would seem from these considerations that there was but one cause of action, but plaintiff, by splitting her claim into two items, has endeavored to make of it two separate and distinct causes of action. In order to accomplish this purpose, she claims first for the time preceding, and next for the period succeeding, the time her father was placed under guardianship. Upon this last item she credits the sums paid to her by the guardian. It would, therefore, logically follow that if her claim for services prior to the incompetency of her father is bottomed upon the express contract with him, and the claim after, and while he was under guardianship, on a separate and distinct contract with the guardian, then the payment by the guardian, and its acceptance by her, of the monthly allowance made by the probate court, satisfies the last contract. Plaintiff, however, in effect claims that there was no such distinct contract with the guardian, but that Jacob Scheer, prior to his incompetency, expressly contracted with her to pay her for her care of him, which care

was worth fifty dollars per month before, and six dollars per day after, her father was declared to be insane; and she in this way makes her single demand, upon which she credits the amount which the guardian paid her. She could not, of course, possibly claim six dollars per day during the time of the incompetency, by reason of a separate contract with the guardian.

The record shows that, upon her own motion, plaintiff was allowed, and that she accepted, thirty-five dollars per month for this service, hence her claim for six dollars per day is necessarily founded on the alleged prior promise of the deceased, and she simply credits the monthly allowances of thirty-five dollars as part payment of such claim. It must, therefore, conclusively follow that her demand is entire, and is barred by the monthly allowance of the probate court during the guardianship, and the payment of the judgment for forty dollars against the estate of Jacob Scheer, deceased.

Finding no reversible error in the record, the judgment is affirmed.

All concur.